In the Matter of KENNETH S. KNIGIN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 1, 1990

APPEARANCES OF COUNSEL

*Gary L. Casella (Gary D. Egerman* of counsel), for petitioner.

*Myron Beldock* for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding the Special Referee sustained four charges of professional misconduct.

Charge one alleged that the respondent converted and/or failed to account for funds entrusted to him to be held in escrow, in that, after he was retained to represent a client in the sale of a cooperative apartment, he deposited the down payment of $17,900 into his money market account, entitled "Kenneth S. Knigin", in the State Bank of India, but failed to release these funds at the closing. Further, the balance in the account fell as low as $84 during the period of time the respondent should have been holding the funds, although no funds had been disbursed to his client.

Charge two alleged that the respondent forwarded a check in the amount of $16,660.28 to the client referred to in charge one, representing an "adjusted reimbursement of the escrow account" written on an account entitled "Kenneth S. Knigin" at the Sterling National Bank and Trust Company, but when the check was presented for payment, it was returned as uncollectible because of insufficient funds.

Charge three was not sustained by the Special Referee.

Charge four alleged that the respondent failed to maintain, as required by 22 NYCRR 691.12 former (b), (e) and (f), and produce pursuant to subpoena duces tecum, a ledger book or similar record and records of all deposits and withdrawals for his attorney escrow account.

Charge five alleged that the respondent failed to honor the aforementioned judicial subpoena duces tecum personally served upon him and failed to cooperate with a legitimate inquiry of the petitioner Grievance Committee for the Ninth Judicial District.

The petitioner moves to confirm the report of the Special Referee to the extent that it sustained charges one, two, four and five, and to otherwise disaffirm the report. The respondent cross-moves to confirm the report to the extent that it failed to sustain charge three and to otherwise disaffirm the report.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of all of the professional misconduct outlined above. The petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted to the extent that it sustains charges one, two, four and five, and is otherwise denied. The respondent's cross motion is granted to the extent that the report is confirmed to the extent that it failed to sustain charge three, and it is otherwise denied.

The respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, J. P., KUNZEMAN, EIBER, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted to the extent that the report is confirmed to the extent that it sustained paroled structure charges one, two, four and five, and is otherwise denied; and it is further,

Ordered that the respondent's cross motion to confirm in part and disaffirm in part the report of the Special Referee is granted to the extent that the report is confirmed to the extent that it failed to sustain charge three, and it is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Kenneth S. Knigin, admitted under the name Kenneth Sheldon Knigin, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Kenneth S. Knigin, admitted under the name Kenneth Sheldon Knigin, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law

before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.